UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| COUNTRY Mutual Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>Townhomes of Raspberry Ridge<br>Homeowners Association, Inc.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff COUNTRY Mutual Insurance Company, by and through the undersigned, as and for its Complaint against Defendant The Townhomes of Raspberry Ridge Homeowners Association, states and alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding the parties' rights and obligations in connection with a policy of insurance ("the Policy") issued by COUNTRY to Raspberry Ridge.

## PARTIES

2. Plaintiff COUNTRY Mutual Insurance Company ("COUNTRY") is an insurance company. It is a citizen of Illinois and an Illinois corporation with its principal place of business located in Bloomington, Illinois. COUNTRY is licensed and authorized to sell insurance and transact business in the State of Minnesota.

11933576

3. Defendant The Townhomes of Raspberry Ridge Homeowners Association, Inc. ("Raspberry Ridge") is a domestic nonprofit corporation organized and existing under the laws of the State of Minnesota with its registered office address located in White Bear Lake, MN. Raspberry Ridge is a common interest community consisting of multiple buildings in Vadnais Heights, Minnesota (the "Property").

**JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction over this action pursuant to U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Raspberry Ridge and Country, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

5. The Court has personal jurisdiction over Raspberry Ridge because it is a domestic nonprofit corporation located in Minnesota.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

7. The Court has power to grant the relief sought by COUNTRY under 28 U.S.C. §§ 2201 and 2202.

**FACTUAL BACKGROUND**

8. The roofs at Raspberry Ridge were last reroofed in 1993.

9. Prior to Raspberry Ridge's insurance policy inception with COUNTRY, Raspberry Ridge collected the Actual Cash Value ("ACV") for the cost to reroof after alleging hail damage from storms in 1998, 2015, and 2017. In each of the three claims, Raspberry Ridge never reroofed after recovering the ACV payments for the roofs.

11933576

10. Raspberry Ridge alleged that a May 15, 1998, hailstorm damaged the roof at the Property (the "1998 Hailstorm"). Raspberry Ridge collected the ACV payment for roof replacement but did not repair/replace the roofs.

11. On or about November 1, 2015, Raspberry Ridge changed insurers from American Family to Hiscox Insurance Company, Inc.

12. In May 2016, after Raspberry Ridge changed insurers from American Family to Hiscox, Raspberry Ridge submitted a claim with American Family for alleged damage to the roofs from a May 3, 2015, hailstorm (the "2015 Hailstorm"). American Family paid Raspberry Ridge an ACV payment of $599,889.71 for the costs to reroof. Raspberry Ridge collected the ACV payment for roof replacement but did not repair/replace the roofs.

13. On or about May 8, 2018, Raspberry Ridge reported a claim to Hiscox, alleging that a June 11, 2017, hailstorm damaged the roofing at the Property (the "2017 Hailstorm").

14. On September 11, 2018, Raspberry Ridge submitted an application for insurance with COUNTRY. The application asked for Raspberry Ridge's number of losses in the past five (5) years, description of losses whether or not insured (date, cause, amount paid, and claim status), and previous insurer. Raspberry Ridge did not disclose the 2017 hailstorm damage loss that was submitted to Hiscox on or about May 8, 2018. Raspberry Ridge did not disclose that its insurer was Hiscox Insurance.

15. Raspberry Ridge provided a claim history report from American Family that purported to show coverage in effect from 11/1/2013 to 7/31/2018. However,

3

Raspberry Ridge's coverage with American Family had ended 11/1/15. Raspberry Ridge did not disclose that its insurer was Hiscox and never provided a loss history report from Hiscox.

16. Based on the information disclosed by Raspberry Ridge in its application, COUNTRY issued a policy of insurance to Raspberry Ridge effective November 1, 2018, to November 1, 2019, and renewed annually thereafter.

17. If Raspberry Ridge had disclosed that its 2015 loss remained unrepaired, it would have been Country's standard business practice to add limitations or restrictions if it had issued a policy for property with unrepaired damage or open claims.

18. If Raspberry Ridge had disclosed its 2017 loss and claim with Hiscox, it would have been Country's standard business practice to add limitations or restrictions if it had issued a policy for property with unrepaired damage or open claims.

19. On October 21, 2022, one appraiser and the umpire awarded Raspberry Ridge an ACV payment of $542,278 and a replacement cash value ("RCV") of $903,798 for the roofing with respect to its claim against Hiscox for the June 11, 2017, hailstorm. Raspberry Ridge collected the ACV payment for roof replacement but did not repair/replace the roofs.

20. Raspberry Ridge has collected the ACV payments for the cost to reroof a total of three times – alleging hail damage from storms in 1998, 2015, and 2017. Raspberry Ridge has never reroofed after recovering the ACV payments for the roofs.

21. On or about October 13, 2023, Raspberry Ridge gave COUNTRY notice of alleged damage from a September 20, 2022, hailstorm, alleging hailstorm damage to the roofs (the "September 20, 2022, Hailstorm").

22. On or about June 24, 2024, GAVNAT Public Adjusters produced a Sworn Statement in Proof of Loss signed by the Assistant Manager of Raspberry Ridge. The Proof of Loss claimed ACV of $0.00 and RCV damages of $1,257,987.14. The letter also demanded appraisal, named its appraiser, and indicated that Raspberry Ridge intends to move forward with a complete roof replacement even if no appraisal has occurred.

## **THE POLICY**

23. COUNTRY insured Raspberry Ridge under a Businessowners Insurance Policy (the "Policy") that states – subject to its terms, conditions, definitions, exclusions, limitations, and coverage limits – includes coverage for property damage from hail. The coverage provides in relevant part:

> **BUSINESSOWNERS**
> **BP 04 83 01 10**
>
> **BUSINESSOWNERS COVERAGE FORM**
> \*\*\*
>
> **E.    Property Loss Conditions**
>
>     **2.    Appraisal**
>
>         If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

11933576

      a.      Pay its chosen appraiser; and

      b.      Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

**3.**    **Duties in The Event of Loss or Damage**

    **a.**    You must see that the following are done in the event of loss or damage to Covered Property:

        \*\*\*

    **(8)**    Cooperate with us in the investigation or settlement of the claim.

**BUSINESSOWNERS**
**BP 01 25 05 20**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**MINNESOTA CHANGES**

This endorsement modifies insurance provided under the following:
    BUSINESSOWNERS COVERAGE FORM
    INFORMATION SECURITY PROTECTION ENDORSEMENT

\* \* \*

**B.**    **Section I – Property** is amended as follows:

\* \* \*

**6.**    Paragraph **E.3. Duties In The Event Of Loss Or Damage** Property Loss Conditions is amended as follows:

\* \* \*

    **b.**    Paragraphs **a.(6)** and **a.(7)** are replaced by the following:

        **(6)**    As often as we reasonably require:

            **(a)**    Permit us to inspect the property. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis;

            **(b)**    Provide us with records and documents reasonably related to the loss, or certified copies if the originals are lost, and permit us to make copies.

        **(7)**    Send us, within 60 days after our request, a signed, sworn proof of loss containing the following information we require to investigate the claim:

6

11933576

  **(a)** A description of how and when the loss or damage occurred;
  **(b)** The value of the property, except in the case of a total loss of an insured building;
  **(c)** The interest of the insured and all others in the property; and
  **(d)** Other insurance which may cover the loss or damage.

We will supply you with the necessary forms.

 **c.** The following is added to Paragraph **a.:**

  **(10)** Send to us, within a reasonable time after our request, the following:
   \* \* \*
  **(b)** Specifications of damaged buildings and detailed repair estimates.
   \* \* \*

**D.** **Section III – Common Policy Conditions** is amended as follows:
  \* \* \*

 **2.** Paragraph **C. Concealment, Misrepresentation Or Fraud** is replaced by the following with respect to loss or damage caused by a Covered Cause of Loss other than fire:

  **C.** **Concealment, Misrepresentation Or Fraud**
We will not pay for any loss or damage if any insured has:
  **1.** Before a loss, willfully; or
  **2.** After a loss, willfully and with intent to defraud;

concealed or misrepresented any material fact or circumstances concerning:

  **a.** This Policy;
  **b.** The Covered Property;
  **c.** That insured's interest in the Covered Property; or
  **d.** A claim under this Policy.
  \* \* \*

**DECLARATORY JUDGMENT – NO COVERAGE**

7

11933576

24. COUNTRY incorporates and re-alleges herein the previous paragraphs in this Complaint as if fully pleaded herein.

25. COUNTRY seeks a judicial declaration that the Policy does not provide any coverage for the alleged September 20, 2022, Hailstorm because – before the loss – Raspberry Ridge willfully and with intent to defraud concealed or misrepresented material facts regarding the Covered Property with respect to the Loss. Raspberry Ridge did not disclose on its application that it has previously sustained a hail loss within the five years before its application (in 2017), did not disclose its prior insurer, and did not disclose the date, cause, amount paid, and claim status.

## DECLARATORY JUDGMENT – RE: APPRAISAL

26. COUNTRY seeks a judicial declaration that there can be no dispute over the amount of loss by which to compel appraisal because as a matter of law there is no coverage for the claim.

27. In the alternative, if the Court would order appraisal, COUNTRY seeks a declaration that any action by Raspberry Ridge to reroof its Property before an appraisal occurs would be a material spoliation of evidence and breach of the duty to cooperate under the Policy. Raspberry Ridge has collected the ACV payments for the cost to reroof three times before, making the cause and dating of any hail damage on the roof a material issue in any appraisal.

11933576

## **PRAYER FOR RELIEF**

WHEREFORE, COUNTRY respectfully requests the Order and Judgment of this Court declaring, determining, and providing as follows:

1. Judgment in favor of Plaintiff COUNTRY Mutual Insurance Company and against Defendant Townhomes of Raspberry Ridge Homeowners Association, Inc., holding that the Policy does not provide any coverage for the alleged September 20, 2022, Hailstorm because – before the loss – Raspberry Ridge willfully and with intent to defraud concealed or misrepresented material facts regarding the Covered Property with respect to the Loss;

2. Judgment declaring that there can be no dispute over the amount of loss that would provide the basis to compel an appraisal because coverage is void with respect to the alleged loss;

3. Declaring that any action by Raspberry Ridge to reroof its Property before an appraisal occurs would be a material spoliation of evidence and breach of the duty to cooperate under the Policy; and

4. For such other and further relief as the Court deems just and equitable.

                                                  ARTHUR, CHAPMAN, KETTERING,
SMETAK & PIKALA, P.A.

Dated: August 16, 2024       /s Beth A. Jenson Prouty
                                         Beth A. Jenson Prouty (#0389275)
                                         Mackenzie A. Marrin (#0403664)
                                         500 Young Quinlan Building
                                         81 South Ninth Street
                                         Minneapolis, MN 55402-3214
                                         P: (612) 339-3500
                                         F: (612) 339-7655
                                         baprouty@ArthurChapman.com

                                         *Attorneys for Plaintiff*
                                         *Country Mutual Insurance Company*

11933576